UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-cr-96-pp

SAUL GARCIA, SAUL GARCIA, JR.,
DANIEL GARCIA, CONSUELO GARCIA,
and MARIA REMEDIOS GARCIA-OLALDE,

    Defendants.

---

**ORDER REGARDING SPEEDY TRIAL ACT**

---

On May 21, 2019, the grand jury indicted the defendants on multiple counts relating to the forced labor of Mexican nationals. Dkt. No. 1. At the arraignment on June 14, 2019, the government asked the magistrate judge to designate the case complex; the defendants did not object, and the court granted the request. Dkt. No. 35 at 2. At the end of that hearing, Judge Duffin excluded the time between June 14, 2019 and July 9, 2019 under 18 U.S.C. §§3161(h)(7)(A) and (B)(iv). Id. at 3.

At a July 9, 2019 hearing, Judge Duffin excluded the time through September 9, 2019 under 18 U.S.C. §3161(h)(7)(B)(ii). Dkt. No. 41 at 2.

At a September 9 hearing, he excluded time through November 8, 2019 under the same provision. Dkt. No. 46 at 2.

At a November 8 hearing, he excluded time under the same provision through December 18, 2019. Dkt. No. 51 at 2.

1

At a December 18, 2019 hearing, Judge Duffin excluded time through March 5, 2020 under the same provision. Dkt. No. 52 at 2.

On January 9, 2020, the grand jury returned a superseding indictment. Dkt. No. 53.

At a status conference on March 5, 2020, Judge Duffin excluded time through May 7, 2020 under the same provision. Dkt. No. 65 at 3.

At a scheduling conference on May 7, 2020, Judge Duffin excluded the time through August 7, 2020 under the same provision. Dkt. No. 70 at 2.

Following an unopposed defense motion to extend time to file pretrial motions, Judge Duffin excluded the time through September 18, 2020 under 18 U.S.C. §§3161(h)(7)(A) and (B)(iv). Dkt. No. 72. He excluded time through November 13, 2020 under the same circumstances. Dkt. No. 76.

On November 12, 2020, the parties filed a stipulation, asking Judge Duffin to refer the case to this court and to toll the time limits under the Speedy Trial Act "until the case can be heard by the District Court." Dkt. No. 77 at 2. The parties explained that the case is complex, involving a years-long investigation "dating back to 2016 with many alleged victims and witnesses and a large volume of discovery" and many witnesses in the state of Georgia and in Mexico. Id. at ¶6. The defendants have presented the government with a detailed analysis that they hope will inform the government's decisions in resolving the charges. Id. at ¶7. The parties have been negotiating and indicate that they believe "it would be more productive to focus on settlement discussions rather than researching and preparing potential motions at this

time." Id. at ¶10. Mindful of the court's desire to keep the case moving, the parties agreed that the defendants would not file pretrial motions at this time and that they would continue to discuss the case, exchange information and work toward resolution; if negotiations break down, the government has stipulated that the defendants have not waived their right to file pretrial motions. Id. at ¶¶12-15. The parties indicate that they entered into the stipulation, in part, to avoid "burdening the Court with another motion to extend pretrial motions deadlines." Id. at ¶16.

Judge Duffin approved the stipulation to the extent that he granted the parties' request to refer the case to the district court but declined to enter an open-ended order tolling the Speedy Trial Act. Dkt. No. 78.

In declining to order an open-ended tolling of the Speedy Trial Act, Judge Duffin cited Zedner v. United States, 547 U.S. 489 (2006). In Zedner, the Supreme Court noted that §3161(h) does *not* contain an exclusion for periods of delay during which the defendant waives application of the statute. Id. at 50. It concluded that a defendant could not prospectively waive application of the Speedy Trial Act or waive application "for all time." Id. at 503. The Court emphasized that for a court to exclude time under the "ends of justice" provision of §3161(h)(8)(A), the court must set for the reasons for its finding. Id. at 507.

Section 3161(h)(7)(A) allows the court to exclude time for any continuance granted "on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public

3

and the defendant in a speedy trial." It requires the court to state, orally or in writing, its reasons for finding that the ends of justice served in granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial. Section 3161(h)(7)(B) lists the factors the court should consider in deciding whether to grant an "ends of justice" continuance. These factors include "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. §3161(h)(7)(B)(ii). Another factor is "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparing, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(7)(B)(iv).

At the first hearing in June 2019, Judge Duffin designated the case "complex." It is not clear whether he found the case "complex" as defined in 18 U.S.C. §3161(h)(7)(B)(ii) or §3161(h)(7)(B)(iv), although he cited (B)(iv) in the minutes. A review of the docket indicates to this court that the case is complex under both provisions. As to §(B)(ii), the number of defendants is not so unusual—there are five defendants and the court often sees multi-defendant

cases of twenty-five defendants or more. But the nature of the prosecution involves events that took place in more than one jurisdiction and date back five years. Dkt. No. 35 at 2. While it involves only five defendants, it involves at least fourteen victims. Id. At the arraignment, the government proposed to produce 46,000 pages of discovery. Id. At the next hearing, the government reported that it had received a subpoena response that involved 12,000 pages of documents that needed reviewing and redacting before they could be disclosed. Dkt. No. 41. The defendants reported at the September hearing that they had received another batch of discovery on August 28, 2019, and that they had been working together to review it. Dkt. No. 46. As of August 28, 2019, the case already was seventy-five days out from the arraignment date and the defendants had only just received what appeared to be the last batch of discovery; it would have been unreasonable to expect the parties to be ready for trial within the seventy days prescribed by the statute.

By the November 2019 hearing date, the defendants reported that they had been going through the discovery and that they might need electronic images from phones; the government reported that images were cell phone downloads and that the number of images was substantial. Dkt. No. 51. By January 2020 there was a superseding indictment and one discovery report outstanding. Dkt. No. 60. At the March 2020 hearing, defense counsel reported receiving yet more discovery, and the government reported that the defense had asked for the immigration files of the defendants, which were located across the country and would take time to obtain. Dkt. No. 65. At this hearing, Judge

5

Duffin expressed concern about how long the case was taking, and defense counsel responded that they had been working as a team; the government indicated that it would produce remaining discovery promptly. Dkt. No. 65.

These proceedings convince the court that even if the case were not "complex" in the §(B)(ii) sense, it is complex in the §(b)(iv) sense, because if Judge Duffin had not granted the continuances he granted, the defense in particular would not have had the time necessary to prepare, taking into account the exercise of due diligence (which the court finds defense counsel exercised, by working as a team to review the discovery and make determinations about pretrial motions).

Thus far, Judge Duffin has excluded 518 days—one year, four months and thirty days—from the Speedy Trial clock. It appears that only three days— November 13-16, 2020—have run on the seventy-day clock. Now, the parties jointly seek a Speedy Trial finding "until the case can be heard by the District Court." The court does not know what that means. The district court could hold a hearing any time, but it suspects that is not what the parties are seeking. The parties want time to continue their negotiations—to allow the government to look at the analysis the defendants have presented and to present the defendants with what the defendants hope will be acceptable plea offers.

Section 3161(h) does not provide for an exclusion of time for plea negotiations. The court may exclude the time that the *court* has a plea agreement under consideration. 18 U.S.C. §3161(h)(7)(G). The only provision of

the Speedy Trial Act which might apply to the parties' request is §3161(h)(7)(A), the "ends of justice" provision, and the Supreme Court held in Zedner that that exclusion cannot be indefinite, even if the defendants agree.

The court concludes that the ends of justice support an exclusion of time to allow the government to review the defendants' analysis and the parties to discuss resolution. Although the case has been pending for over a year and a half, its progress likely has been hampered by the onset of the coronavirus pandemic eight months ago. The pandemic impacts the parties' ability to meet, both with each other and with their clients. Given the amount of discovery and the time it has taken for defense counsel to review and digest that discovery, it is unreasonable to expect the parties to complete negotiations in a week or two, especially given these limitations. For the court to deny the request for a delay would deprive the parties of the time needed to conduct effective negotiations and could result in a miscarriage of justice by forcing the case to trial before either party is ready and during a time when trial preparation is more time-consuming due to the virus and the precautions that must be taken to minimize risk to court staff, parties, counsel and jurors.

Finally, the court notes that the holiday season is coming. The next forty-five days include Thanksgiving, Hanukkah, Christmas, Kwanzaa and New Year's. This will impact the time available to the parties to negotiate, to the government to prepare plea agreements and to defense counsel to discuss those agreements thoroughly with their clients. The court concludes that failure to exclude time could result in a miscarriage of justice in defendants

being unable to obtain offers or unable to have sufficient time to thoroughly review those offers with counsel (and possibly make counter-offers).

The court **ORDERS** that the time between **November 16, 2020 and January 15, 2021** is **EXCLUDED** from the Speedy Trial calculation under 18 U.S.C. §§3161(h)(7)(A), (B)(ii) and (B)(iv), for the reasons the court discussed above.

The court **ORDERS** that by the end of the day on **January 13, 2021**, the parties must file a joint status report, informing the court of their progress and whether they are asking for additional time. If the parties are seeking additional time such that they are requesting another Speedy Trial exclusion, they must advise the court of the reasons that failure to exclude the time would frustrate the ends of justice. If the parties finalize plea agreements before January 13, 2021, they are free to file those agreements at any time and the court's staff will set change-of-plea hearings.

Dated in Milwaukee, Wisconsin this 16th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**